UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CRIMINAL ACTION NO. 1:08CR-33-M

UNITED STATES OF AMERICA                                            PLAINTIFF

V.

JONATHAN TAYLOR                                                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Jonathan Taylor's ("Taylor") motion to suppress the evidence collected from his residence on March 15, 2008, as obtained in violation of the Fourth Amendment. [DN 15]. The Court held an evidentiary hearing on November 12, 2008. Fully briefed, the matter is now ripe for decision. For the reasons that follow, Defendant's motion is **DENIED**.

### I. FACTS

On March 15, 2008, at approximately 6:00 p.m., Officer Shaun Embry of the Russellville Police Department responded to a call for police service from Ethelynn Sun Bear, 812 South Main, Russellville, Kentucky. Sun Bear reported that Jonathan Taylor had assaulted her earlier that day at the home of her daughter, Karla Sun Bear, 545 East Third Street, Russellville, Kentucky, and that she had seen someone deliver crack cocaine and marijuana to Taylor that day at the same address. In addition, Sun Bear stated that Taylor struck her after she objected to his "doing drugs" in the presence of her grandchildren.

1

Officer Embry reported this information to Agent Matthew Humble of the South Central Kentucky Drug Task Force. Thereafter, Humble interviewed Ethelynn Sun Bear and asked her to accompany him in an unmarked car to show him her daughter's residence. At Agent Humble's request, Sun Bear then wrote out a statement relating to Taylor's possession of illegal drugs. At the suppression hearing, both Agent Humble and Officer Embry testified that it was apparent that Sun Bear had been drinking; however, they agreed that she was not so intoxicated as to present a danger to herself or others or to be unable to recount events she had witnessed. Agent Humble also had the Assistant County Attorney confirm that Sun Bear would be a reliable witness.

Humble then prepared an affidavit in support of his application to search the premises at 545 East Third Street. It provided that at approximately 7:30 p.m. on March 15, 2008, Humble received information from:

> Ethelyn Sun/Bear of 812 South Main Street, Russellville, Ky. . . . [who] was at the residence of Jonathan Taylor and Karla Sun/Bear. While at the residence, Ms. Sun/Bear stated she observed a white male deliver an amount of Marijuana and Crack Cocaine to Jonathan. After receiving the narcotics Jonathan paid the man and he left. Ms. Sun/Bear asked them not to be doing the drugs in front of her grandchildren. Upon stating this, Jonathan told her it was none of her business and if she didn't like it, she could leave. Ms. Sun/Bear stated, she was not leaving without her grandchildren, at which time Jonathan assaulted her and forced her to leave.

(Affidavit for Search Warrant, p. 2).

Based on this affidavit, Judge Browning of the Logan District Court issued a warrant for the search of Taylor's residence. The search was concluded by 9:30 p.m. on March 15, 2008, with the police seizing approximately 20 grams of crack cocaine, packaged in 33

knotted plastic baggie corners, as well as 4.4 grams of marijuana and two sets of digital scales. Taylor was subsequently indicted. He filed this motion to suppress the evidence on September 15, 2008, arguing that the search was illegal because the witness was unreliable and Agent Humble was reckless with regard to the truth of his affidavit.

On November 12, 2008, the Court held a hearing on Taylor's motion to suppress. At the hearing, the defense called Charles Taylor Jr., a neighbor, who testified that he had in the past seen Ethelynn Sun Bear under the influence of alcohol. Charles Taylor could not say whether the day he saw Sun Bear was the day of Taylor's search and arrest. The testimony of Taylor's second witness, William Thomas Taylor, was much the same. Although William Taylor testified that he had seen Sun Bear in an intoxicated state while he was doing some plumbing work at a nearby house, he did not know the date when he had seen her, not even to the month, nor did he remember the time of day.

Terry Phelps, another plumber, testified for the defense that he overheard an argument involving Ethelynn Sun Bear and saw her in an intoxicated state in the early afternoon, presumably on March 15, 2008, though his testimony was dubious and unclear. Karla Sun Bear, Taylor's girlfriend, testified that her mother Ethelynn was drunk on the day of the search. She averred that she last saw her mother at two or three o'clock in the afternoon. Finally, Bathsheba Taylor, the Defendant's mother, stated that she saw an intoxicated Ethelynn Sun Bear at eleven o'clock in the morning or twelve noon on the same day.

3

## II. DISCUSSION

Taylor contends that the warrant was unsupported by probable cause because there was no indication of the veracity or reliability of the informant and no independent investigation done by the police. He also argues, under Franks v. Delaware, 438 U.S. 154 (1978), that it was reckless for the police to have omitted Ethelynn Sun Bear's intoxication and prior convictions from the affidavit. He concludes that an affidavit including those omissions would fail to support probable cause and that Agent Humble's failure to include this information shows that he did not act in good faith for purposes of the exception to the exclusionary rule. See United States v. Leon, 468 U.S. 897 (1984). The Court addresses these arguments in turn.

A. Probable Cause

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, . . . ." U.S. Const. Amend. IV. To determine whether probable cause for a search exists, a magistrate judge "make[s] a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). Reviewing courts look only at "whether the totality of the circumstances [described in the affidavit] supports a finding of probable cause." United States v. Woosley, 361 F.3d 924, 926 (6th Cir. 2004). As long as the "magistrate had a 'substantial basis for . . . concluding' that a search would

uncover evidence of wrongdoing," the warrant will be upheld. Gates, 462 U.S. at 236. (internal citations omitted).

In this case, the magistrate issued a warrant for the search of Taylor's residence based on the affidavit of Agent Humble and the information provided by Ethelynn Sun Bear that Taylor possessed illegal drugs. Taylor contends that the affidavit failed to establish probable cause because the police did not attempt any independent verification of the facts. According to Taylor, the police "did not set up a surveillance at or near the property, they never attempted to send in a wired informant or make a controlled buy, they did nothing except to drive a drunken woman past the house and have her point." (Defendant's Brief, p. 9-10). The United States, on the other hand, contends that there was probable cause because the informant was named and directly and personally observed the factual basis for the crime only a few hours before the application for the warrant. The Court agrees with the government.

In support of his claim that the police did not do enough to corroborate Ethelynn Sun Bear's tip, Taylor relies on United States v. Leake, 998 F.2d 1359 (6th Cir. 1993) and United States v. Gibson, 928 F.2d 250 (8th Cir. 1991). Those cases, however, dealt with anonymous tipsters. Thus, as the Sixth Circuit has explained, the Leake and Gibson courts "rightly insisted upon substantial independent police corroboration because of the absence of any indicia of the informants' reliability." United States v. Allen, 211 F.3d 970, 976 (6th Cir. 2000). This case is different. The informant was named in the affidavit and, therefore, was presumptively reliable, because she would be subject prosecution if the information was

5

fabricated. Gates, 462 U.S. at 233; Adams v. Williams, 407 U.S. 143, 146-47 (1972); United States v. May, 399 F.3d 817, 823 (6th Cir. 2005); see, e.g., Kentucky Revised Statutes § 519.040.

Taylor also argues that United States v. West, 520 F.3d 604 (6th Cir. 2008) requires substantial police corroboration for a finding of probable cause in the instant case. There, the Sixth Circuit found that an affidavit failed to support a finding of probable cause, even though the informant was named, because there was no substantial police corroboration included in the affidavit.[1] West, however, does not require such corroboration here. The reason the court looked for substantial police corroboration in West was because the factual basis was "obviously weak and sparse," i.e., the informant alleged that he was a party to a confession and did not witness the criminal activity first hand. Id. In this case, that rationale does not apply because the informant personally observed the criminal activity mere hours before the application for the warrant.

The Sixth Circuit's decisions in United States v. Pelham, 801 F.2d 875 (6th Cir. 1986) and United States v. Miller, 314 F.3d 265 (6th Cir. 2002) are more on point. In Pelham, the court upheld a finding of probable cause where the affidavit included a named informant; the named informant told officers that he had obtained marijuana from the defendant in the past 24 hours; and the informant rode with the police to visually identify the place where he obtained the contraband. Id. at 878. Similarly, in Miller, the court sustained a finding of

---

[1] There were two affidavits at issue in West as a result of separate warrant applications. The relevant affidavit for present purposes is the one that was filed on December 2, 2002.

probable cause where a plumber observed an indoor marijuana growing operation; police accompanied him to visually identify the residence; and the officer recorded directions and mileage to the residence and learned that the owner's nickname was "Hippy." Id. at 269.

In this case, Ethelynn Sun Bear was named in the affidavit; she observed contraband in Taylor's residence within 24 hours of the issuance of the search warrant; and the police corroborated her statement by driving her to the area of the residence and having her point out the house in which she observed the contraband. Thus, just as in Pelham and Miller, there was minimal police corroboration, but the informant was named in the affidavit and had first-hand knowledge of the criminal activity in a specific location in the immediate past 24 hours. Accordingly, the Court finds that the magistrate did not err in concluding that there was probable cause to search Taylor's residence.

B. Franks Issue

Defendant also argues that Agent Humble engaged in a deliberate falsehood or was reckless with regard to the truth by failing to include Ethelynn Sun Bear's intoxication and criminal history in the affidvait. According to Taylor, "[the] police conveniently left out the fact that Sunbear was very drunk, on probation, violating a 'no alcohol' provision set by the courts, had to be given 'a pot of coffee' by police prior to writing her statement and that far from reliable, she had multiple prior convictions, including eleven counts of forgery, which tended to negatively bear on her truthfulness and veracity." (Defendant's Brief, p. 9). He contends that if this information were included in the affidavit, there would not have been probable cause, and thus the evidence obtained pursuant to the warrant should be suppressed.

7

It is true that a defendant may challenge the sufficiency of a previously issued and executed search warrant by alleging that (1) the government affiant engaged in "deliberate falsehood" or "reckless disregard for the truth" in omitting information from a warrant, and (2) probable cause would not be supported by the affidavit if the omitted material were considered to be a part of it. Franks v. Delaware, 438 U.S. 154 (1978); United States v. Fowler, 535 F.3d 408, 415 (6th Cir. 2008). However, the defendant must prove his allegation by a preponderance of the evidence at the so-called Franks hearing. United States v. Graham, 275 F.3d 490, 505 (6th Cir. 2001); see also United States v. Charles, 138 F.3d 257, 263 (6th Cir. 1998). Taylor failed to carry that burden.

    1. Intoxication

Taylor alleged that Agent Humble was reckless in failing to mention Sun Bear's intoxication in the affidavit. To that end, he called several witnesses who testified that Sun Bear had been drinking on March 15, 2008. What Taylor failed to show, however, was that Sun Bear was intoxicated at the time she made her statement to the police. Because none of these witnesses saw Sun Bear past two or three o'clock that afternoon, there was at least a four-and-a-half-hour window between the time Sun Bear was last seen drinking and the time she gave her statement to the police at 7:30 p.m. In light of this window, the police officers' testimony that Sun Bear was coherent and reliable when she made her statement is effectively undisputed. Insofar as Sun Bear's written statement is neat and intelligible, the Court has no reason to doubt the officers' testimony. (Government's Exhibit #1). Accordingly, the Court finds that Taylor failed to show that Humble was reckless in omitting

reference to Sun Bear's intoxication in the affidavit.

    2.  Criminal Record

Defendant also alleged that Agent Humble was reckless in failing to mention Sun Bear's criminal history in the affidavit.  However, at the hearing, Taylor offered no evidence in support of this allegation.  On the other hand, Humble testified that he did not include Sun Bear's criminal history in the affidavit because, having failed to run a background check on Sun Bear, he was unaware of that history.  Given that Agent Humble's sole error, if any, was in failing to run a background check on Sun Bear, the Court concludes that Taylor failed to show that Humble was reckless with respect to the truth of his affidavit in omitting Sun Bear's criminal history. Cf. United States v. Miller, 753 F.2d 1475 (9th Cir. 1985) (holding that defendant failed to establish that search warrant affidavit contained intentionally or recklessly false statements because failure of federal agents to check confidential informants background and criminal record and failure to discover an informant's prior perjury conviction amounted to no more than negligence).

Having concluded that Taylor failed to carry his burden under the first step of the Franks analysis, the Court need not decide whether the affidavit including the omitted information would support a finding of probable cause or whether Agent Humble acted in good faith for purposes of the exception to the exclusionary rule.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to suppress is **DENIED**.

cc. Counsel of Record
    U.S. Marshal
    U.S. Probation